IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FLOYD JUNIOR JAYCOX | § | |
|    TDCJ-CID #1220652 | § | |
| | § | |
| VS. | § | C.A. NO. C-05-462 |
| | § | |
| PAUL A. MORALES, ET AL. | § | |

## ORDER RETAINING CASE AND DISMISSING DEFENDANT CRITES

      This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992). Applying these standards, plaintiff's claims against R. Crites are dismissed for failure to state a claim and upon plaintiff's own motion; plaintiff's failure to protect claims against the remaining defendants are retained.

## I.  JURISDICTION

      The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Plaintiff has consented to proceed before a magistrate judge, see D.E. 10, and the case was re-assigned to undersigned United States Magistrate Judge to conduct all proceedings and entry of judgment (D.E. 11).

## II. FACTUAL ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently incarcerated at the McConnell Unit in Beeville, Texas. He is suing the following McConnell Unit officers and officials: Warden Paul A. Morales; Assistant Warden R. Crites; Captain Evelyn Castro; Major Brian Gordy; Captain Catherine Nelson; and Sergeant Gamaliel Olvera, The following allegations were made in plaintiff's original complaint and at the October 18, 2005, Spears[1] hearing:

Plaintiff is a former member of the prison gang Hermones Pistodes Latinos (H.P.L.). Sometime in June, 2005, plaintiff heard from various sources that he was going to be transferred from his current cell assignment in E-pod. In response, on June 17, 2005, plaintiff filed a life in danger (LID) complaint with prison officials, asking that he be allowed to remain in his current cell on E-pod. Plaintiff reported that he had received threats on his life from H.P.L. members and that he believed his life was in danger. Plaintiff noted that his cell in E-pod provided better protection because it had plexiglass on the door, rather than chicken wire. Before his LID complaint was heard, on June 24, 2005, plaintiff was transferred off E-pod and assigned to D-pod, 6-cell.

On June 27, 2005, plaintiff appeared before the Unit Classification Committee (UCC) regarding his LID complaint. Warden Morales was a member on the UCC Committee. Plaintiff asked that he be returned to E-pod, explaining that active H.P.L. members were on D-pod, and that the doors did not have plexiglass. Plaintiff's LID complaint was denied.

On July 1, 2005, plaintiff was injured when an H.P.L. gang member shot a hand-made spear via a sling shot through his cell screen door, hitting plaintiff in the right arm and causing it to bleed. Lieutenant Nelson, the shift supervisor, ordered a lockdown of ad.seg., and instructed Sergeant

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

2

Olvera to escort plaintiff to the infirmary.  At the infirmary, no pictures were taken of plaintiff's injuries, and plaintiff received only a band-aid for his wounds.  As plaintiff was escorted from the infirmary, he explained to Sgt. Olvera that he could not go back to the same cell because an active H.P.L. member lived above him, and plaintiff feared he would be attacked again the next day.  Lieutenant Nelson told plaintiff that she would personally see that he was moved off D-pod and she asked him to sign a form to approve the move.  However, the form was actually a waiver, and Lieutenant Nelson sent plaintiff back to D-pod.

On July 7, 2005, plaintiff was given a disciplinary case, and on July 12, 2005, he was moved to E-pod.  Plaintiff complains that the move to E-pod was not based on his LID claim, but on the disciplinary case which he alleges was false.

On July 29, 2005, plaintiff filed a second LID claim.  This claim was denied.

On August 31, 2005, the UCC and other officials ordered plaintiff to pack up and move to A-pod.

Plaintiff filed suit on September 14, 2005.  He seeks damages for the scarring to his right arm and for mental pain and anguish.

On October 24, 2005, plaintiff filed a request for a second telephone conference (D.E. 8), alleging that on October 19, 2005, an inmate shot a homemade spear at him.  Plaintiff told prison officials about the attempted assault, and Captain Castro said she would move plaintiff to C-pod.  Plaintiff objected because C-pod does not have plexiglass doors.  Captain Castro called a use of force to get plaintiff to move, and he received a major disciplinary case for refusing to obey orders.  However, because he got a disciplinary case and a reduction in his classification, he was assigned to E-pod, where he wanted to be because the doors have plexiglass.

3

### III. DISCUSSION

**A.     Legal standard.**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. Id.

**B.     Failure to protect.**

Plaintiff claims that defendants knew that he was at risk of an inmate assault, yet they ignored that risk when they denied his LID claims and housed him with H.P.L. gang members in a cell without plexiglass doors, in deliberate indifference to his health and safety.

Prison officials have a duty to protect prisoners from violence at the hand of other prisoners. Cantu v. Jones, 293 F.3d 839, 844 (5th Cir. 2002) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). A prison official is deliberately indifferent to the inmate's safety if the official knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Cantu, 293 F.3d at 844 (citing Farmer, 511 at 847). Deliberate indifference describes a state of mind "more blameworthy than negligence"; there must be "more than ordinary lack of due care for the prisoner's interests or safety." Farmer, 511 U.S. at 835. In addition, to state a cause of action under § 1983, plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged. Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995); Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). A supervisory official may not be held liable under § 1983 based on a theory of

4

*respondeat superior* or vicarious liability. <u>Reimer v. Smith</u>, 663 F.2d 1316, 1323 (5th Cir. 1981). A supervisory defendant must be either personally involved in the incidents underlying the claim "or there must be a causal connection between an act of the [supervisor] and the constitutional violation sought to be redressed." <u>Harvey v. Andrist</u>, 754 F.2d 569, 572 (5th Cir. 1985) (citations omitted); <u>also see</u> <u>Hinshaw v. Doffer</u>, 785 F.2d 1260, 1263 (5th Cir. 1986) (usually a failure to supervise imposes § 1983 liability only where there is a history of widespread deprivations).

Taking his allegations as true, plaintiff has successfully alleged deliberate indifference claims against Warden Morales, Captain Castro, Major Gordy, Lieutenant Nelson and Sergeant Olvera. Warden Morales sat on both UCCs and attended both the June 27 and July 29, 2005, LID headings, but denied plaintiff's request for protection. Captain Castro attended the July 29, 2005 hearing and told plaintiff that his prior injury was "not bad," and participated in the decision to deny his LID claim. After plaintiff was injured, Major Gordy asked plaintiff if his life was in danger; however, he sat on the second UCC and also voted to deny plaintiff's LID claim. Lieutenant Nelson investigated the July 1, 2005 assault and told plaintiff that he would be moved off D-pod, but instead, she sent him back to the same cell that same day, even though plaintiff pleaded to be removed from D-pod. Sergeant Olvera failed to investigate plaintiff's complaints and never responded to plaintiff's first I-60. These allegations suggest that these defendants were aware of a risk to plaintiff's health and safety, but ignored that risk when they repeatedly placed him on pods with H.P.L. members. The Court retains plaintiff's failure to protect claims against these defendants.

In his original complaint, plaintiff alleged that Assistant Warden Crites was deliberately indifferent to his health and safety because he denied plaintiff's step 1 and step 2 grievances appealing the denial of his LID claims. Basically, this claim is an attempt to hold Warden Crites liable for the decisions of others, and is not actionable under § 1983. <u>Thompson,</u> 709 F.2d at 382. At the <u>Spears</u>

hearing, plaintiff moved to voluntarily dismiss his claims against Warden Crites; plaintiff's request is granted.

## IV.  CONCLUSION

Plaintiff's claims against Warden Crites are dismissed with prejudice for failure to state a claim.  28 U.S.C § 1915A(b).  Plaintiff's failure to protect claims against the remaining defendants are retained on the Court's docket.

ORDERED this 3rd day of November, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE